# LIBBEY *vs.* HODGDON, Principal, and PORTLAND STAGE COMPANY, Trustee.

A foreign corporation is liable to be sued in this state, whenever by our laws effective service can be made upon it or its property.

Such corporation may also be held as trustee, under the foreign attachment law of this state.

Matters in abatement will not be decided upon a case stated.

THIS case came before the court upon an agreed statement of facts.    It appeared that the Portland Stage Company was a corporation established by the state of Maine, and has not

been incorporated in this state. Service of the writ was made by leaving a copy with A. R., who resides in this state, but who is not agent, or clerk, or a member of the corporation—but is a servant employed by the agent, and has custody of the property of the corporation here : such as receiving money from passengers, and hiring and paying laborers. Said company owns real estate in Portsmouth, and has personal property constantly there, under the control and direction of the said A. R. There are members of the said corporation residing in Portsmouth.

Libbey
*vs.*
Hodgdon.

The officer returns that he gave a copy of the writ to " A. R., clerk of said company."

*Emery*, for the plaintiff.

*Cutts*, for the trustee.

WILCOX, J. This case involves the enquiry, whether a foreign corporation can be sued in this state.

It has been held in Massachusetts, *Peckham* vs. *North Parish in Haverhill*, 16 *Pick*. 286, that a foreign corporation cannot be sued in that state. Such, also, seems to be the doctrine in New-York. *McQueen* vs. *Middletown Man. Co.*, 16 *Johns. R*. 5.

The only reason given for these decisions is, that no writ can by their laws be legally served against a corporation in another state. Such process, it is said, must be served on its head, or principal officer, within the jurisdiction of the sovereignty where this artificial body exists ; and " if the president of a bank of another state were to come into New-York, his functions would not accompany him when he moved beyond the jurisdiction of the government under whose laws he derived his character."

The question has been adjudged in favor of the liability of a foreign corporation in Pennsylvania. *Bushel* vs. *Commonwealth Ins. Co.*, 15 *Ser. & Rawle*, 176.

It has often been held, that a corporation may sustain a suit beyond the jurisdiction within which it was constituted. A Dutch corporation was allowed to sue in England. *Dutch W. I. Co.* vs. *Moyses*, 2 *Ld. Raym.* 1535; 1 *Str.* 612; and the same doctrine has been held more recently in regard to foreign corporations. *Chit. on Cont.* 86; 1 *R. & M.* 190; *see, also,* 2 *Rand. Rep.* 465; 10 *Mass.* 91; 4 *Johns. Ch. Rep.* 370; 6 *Cowen* 46; 17 *Mass.* 97.

We have, also, recognized the right of a foreign corporation to hold estate real and personal within this state. *Lumbard* vs. *Aldrich*, 8 *N. H. R.* 31.

There seems to be nothing in the character of a corporation to prevent its suing or being sued like a natural person. It is, in legal contemplation, a person, having existence, invested with rights, and subjected to liabilities; and very properly a party to proceedings in courts of law or equity, whenever those rights or liabilities are drawn in controversy.

And if, upon principles of law or comity, corporations created in one jurisdiction are allowed to hold property and maintain suits in another, it would be strange indeed if they should not also be liable to be sued in the same jurisdiction. If we recognize their existence for the one purpose, we must also for the other. If we admit and vindicate their rights, even-handed justice requires that we also enforce their liabilities; and not send our citizens to a foreign jurisdiction in quest of redress for injuries committed here.

There may be difficulties in procuring legal service of a writ upon a foreign corporation; and so, in case of an individual residing in a foreign jurisdiction, it may be difficult or impossible to procure such service of process upon him as to subject him to the jurisdiction of our courts. But in either case, when the service can be made, or when the person or corporation appears and submits to our jurisdiction, we see no objection to the authority of the court to proceed.

If a citizen of another state is found here, and process is served on him personally, that gives the court jurisdiction.

It may well be doubted, however, whether the casual presence of the principal officer of a foreign corporation here, and service upon him, would be sufficient. But if the corporation have estate here—or if it send its officer, upon whom by our law process is to be served, to reside here and transact business upon its account, we see not why an attachment of such estate, or service upon such officer, may not be sufficient.

The same difficulty in regard to the service of a writ does not exist here as is found in Massachusetts and New-York. Our statute, *Laws* 87, provides " that when any body poli-' tic or corporate are sued in this state, who have no clerk or ' member residing therein on whom service can be made, an ' attested copy of the writ shall be delivered to the agent, ' overseer, or person having the care or control of the corpo-' rate property, or part thereof in this state."

It is objected, that the thirteenth section of the act directing proceedings against trustees of debtors does not extend to foreign corporations. That section provides, that " when any corporation or body politic *within this state* shall be possessed of any money," &c. We are of opinion that this clause of the statute is not confined to corporations created by the laws of this state; but that any corporation having property here, or being sueable here, is, within the meaning of this statute, a " body politic within this state."

A question is made whether the writ in this case is legally served. The return of the officer is, that a copy was left with A. Rice, clerk of the company. If the return is conclusive that Rice was the clerk, the service is sufficient. But it may well be doubted whether the return is conclusive of that fact.

By the general law (*Laws* 108) service is to be made by leaving a copy with the clerk, or one of the members. As the case finds, there were members of the corporation residing in Portsmouth, and that Rice was not clerk, or a member, a question would have arisen as to the regularity of the service, had the matter been duly pleaded in abatement. But

*it* is settled, that the court will not decide matters in abatement upon a case stated. 5 *N. H. R.* 222, *Morse* vs. *Calley.* The trustee must, therefore, disclose before the commissioner named in the agreement of the parties.