## WHEELER v. BLANDIN.

Where a deposition was not read, nor offered to be read to the jury on the trial of a cause, this court is not bound to consider questions of law that might arise upon it.

A question of law was raised and decided upon a clause in a deposition, but the rest of the deposition was not offered in evidence. The case sued was subsequently amended by adding to it the rest of the deposition, the plaintiff contending that it had a bearing upon that part in relation to which the question arose, and would alter the opinion of the court. It was *held*, that as the defendant did not object, the court might, in its discretion, consider and determine the question arising upon the amended case.

In an action of trover, for hay, the question was, how great a quantity of hay was taken by the defendant. To prove how much hay was taken, the plaintiff offered a deposition containing the following statements, contending that they showed how much hay there was in a certain stack. The witness said, "it leaned over a little one side. It was not round or square, but a little longer one way than the other. It was built up kind of mow-fashion like. · It was settled down so that it did not run up to a peak. It was settled down considerably for a stack of hay to settle. I am not much acquainted with stacks of hay. I cannot tell how much it would weigh. I can guess at it, or give an opinion without guessing." *Held*, that the witness did not possess sufficient knowledge on the subject to make his estimate of the quantity competent evidence to be submitted to the jury.

TROVER, for a quantity of hay.

After the judgment of the court was pronounced in this case, as reported 2 Foster, 167, the case was amended by adding to it a further portion of the deposition of Ira Howland, as follows, but which was not read nor offered to be read to the jury:

*Question.* Were you on the farm afterwards, and had or not any of the stacks been removed which you saw there previously, and if so, have you any recollection of the appearance and condition of the one so removed previous to its removal, and if so, what was its appearance and condition?

*Ans.* I was on the farm afterwards. One of the stacks had been removed, and I have a recollection as to its appearance. I supposed it was standing in pretty decent condition, except it leaned over a little one side.

*Question.* What was the form of the stack above alluded to,

Wheeler *v.* Blandin.

and in what manner was it built up, and on what part of the farm did it stand, in reference to the house on said farm ?

*Ans.* It was not round nor square, but a little longer one way than the other. It was built up kind of mow fashion like. It stood south from the house ; it was the farthest from the house of any of the stacks.

*Question.* Was there or not a pole in the centre of it, and in what manner was the top of the stack arranged, flat or running up to a point?

*Ans.* I do not know whether there was a pole or not. It was not as steep as some. It was settled down so that it did not run up to a peak.

*Question.* Was it or not settled more than is usual for well made stacks that have remained out during a winter ?

*Ans.* It was settled down considerably for a stack of hay to settle. I do not know whether it settled more than stacks usually settle ; I am not much acquainted with stacks of hay.

*Question.* Was the top of the stack in the centre settled more in proportion than the rest of it ?

*Ans.* I cannot tell.

*Question.* How was the stack raked down, so far as you could judge ?

*Ans.* It was raked down well I suppose.

*Question.* What was the quality of the hay in that stack, and how much did the stack contain ?

*Ans.* I should call it a fair, middling quality of hay, from what I could see and from what the cattle pulled out ; not the best nor the poorest. I cannot tell how much it would weigh ; I can guess at it or give an opinion without guessing ; my opinion is that it would weigh about four tons. I neither weighed it nor measured it."

The quantity of hay taken, and its value, were the questions to be determined, and to show the quantity, this deposition was offered by the plaintiff. The defendant had confessed damages to a certain amount, and after the amendment was made, his counsel still objected to the deposition. A verdict having been

taken for the amount of damages confessed, the plaintiff moved to set it aside.

*S. H. Goodall*, for the plaintiff.

The material part of the deposition being now before the court, it appears that the opinion of the witness was formed from accurate knowledge. It is to be determined from the deposition whether he was an expert or not. What he says is more than a mere *guess*. He could not give an opinion unless he had some knowledge, and he says he could give an opinion. He had an opportunity to know something about the weight of hay in the stack. His statement is like the opinion of a witness as to color, size, &c.

*Bingham*, for the defendant.

The testimony of the witness as to the weight of the hay is mere opinion, a mere inference of his own mind from certain facts in his recollection, and so loosely given, that even if his opinion were competent, the testimony ought to be rejected for uncertainty.

It is plain that weight is not a thing obvious to the eye or to any of the senses, as size, color, distance, &c., are, and that the mind can gain no idea of the weight of an object except by actual weighing, or by the way of inference from its apparent size and solidity.

The witness might have stated his recollection of the apparent size of the stack, and of its solidity. The jury, then, from that, could have formed an opinion of the weight of the hay as well as the witness could himself.

The witness says in substance, that he formed no opinion of the weight of the stack when he saw it, nor until the day his deposition was given, more than a year from the time he last saw the stack, and that the opinion then formed and stated was formed from his recollection of the apparent size of the stack, and his knowledge of the weight of another stack.

Now if he had stated the facts from which he says he formed

Wheeler v. Blandin.

his opinion, why would not the jury then have had all the means of judging that he had ? By giving his opinion he has clearly usurped the province of the jury.

GILCHRIST, C. J. When this case was before us at a former term, we decided that the witness was incompetent to give his estimate of the quantity of hay, because he had not a sufficiently definite knowledge upon the subject to make his judgment a reliable source of information. Giving him all the latitude which, perhaps, it is necessary in practice to allow a witness in stating his estimate of length, distance, weight, &c., whenever those matters are to be considered by the jury, he yet falls short of possessing even that imperfect knowledge, which, in the absence of more accurate information, sometimes authorizes the jury to consider and weigh the opinion of a witness. It is now said that if the whole of the deposition of Howland be examined, it will be found that he was fitted, from his knowledge, to make a statement competent to be submitted to the jury.

It is to be remarked that the case finds that the part of the deposition now submitted to us, was not read nor offered to be read to the jury. It has been held by this court that they cannot be called upon to decide whether the matter stated in a case agreed, would, if regularly pleaded, be sufficient to abate a writ. *Morse* v. *Calley*, 5 N. H. Rep. 222; *Libbey* v. *Hodgdon*, 9 N. H. Rep. 394. Upon this principle, which is the only convenient one in practice, the court cannot be called upon to make a decision upon evidence, unless it were offered or proposed to be introduced by a party upon the trial. We cannot be required to decide upon a hypothetical case, or upon a state of facts which the party does not offer to prove. Our duty is only to decide upon matters actually submitted to us, or to admit or exclude evidence which a party proposes to offer. Tried by this test, the deposition now laid before us should be excluded, and we might properly decline to consider it. It is evident that great injustice might be done to a party if a verdict could be set aside

because evidence, however competent in itself, was not read to the jury when it was not excluded by the ruling of the court.

But as the plaintiff thinks that the judgment of the court might have been different in the former case, if the whole of the deposition had been considered, we have examined it for the purpose of ending the litigation on this point. And we think the witness did not possess sufficient knowledge of the subject to enable him to express a reliable opinion, or to form a judgment. He says that the stack of hay " leaned over a little one side. It, was not round nor square, but a little longer one way than the other. It was built up kind of a mow fashion like. It was settled down so that it did not run up to a peak. It was settled down considerable for a stack of hay to settle. I am not much acquainted with stacks of hay." Then follows the part referred to in the former decision : " I cannot tell how much it would weigh. I can, guess at it, or give an opinion without guessing."

Now the most liberal construction would not authorize us to say that the witness was able from his knowledge to make an estimate of the weight of the hay. There is no ground for saying that the witness is an expert. He says in terms that he is not, and his knowledge and observation of this particular stack of hay are extremely scanty. The plaintiff's counsel has presented the case with all the ingenuity it would admit of, and we have considered the deposition, as no objection was made on the other side.

*Judgment on the verdict.*