## YOUNG *v.* ROSS & *a.* AND TRUSTEE.

When a legal attachment of property is made in this State, jurisdiction of the action is thereby obtained, and judgment may be rendered, if service or notice of the process, as the case may require, can be effected; and this, whether the process be one of ordinary attachment and summons, or of foreign attachment, and whether the parties be residents or non-residents.

Where, in process of foreign attachment, the parties were all non-residents, but the trustee being in this State temporarily, and having in his possession notes and money belonging to the principal defendant, the process was served upon him here, and the principal afterwards appeared and answered to the action—*held*, that the trustee was chargeable.

FOREIGN ATTACHMENT. It was agreed by the parties that at the time of the service of the writ upon the trustee, the principal defendants resided out of the State, and no service was made on them, nor did they appear, nor were they notified till after said James Ross had disclosed, when one of the principal defendants appeared. That James Ross, at the time of the service of the writ on him, lived in Acton, in the State of Maine, where he had long before and has ever since lived. At the time of the service of said writ on him, he happened in this State on business, and for a temporary and transient purpose. James Ross appeared and made disclosure, and said that, at the time of the service of said writ upon him, he had in his possession, in this State, two promissory notes, payable to said Ross and Allard, or bearer, one for $33 and one for $34, made and dated in this State, and the parties to which, at the time of making said notes, resided in this State. It also appeared from said disclosure that, at the time said James received said two notes, he also received three other notes for $33 each, payable to the defendants or bearer, signed by the same parties and at the same time and place of the two first-named notes. The three last named notes the said James Ross had collected of the payers in this State, before the service of said writ on him.

Said Ross disclosed that said notes were delivered to him

by one of the members of the firm, for a valuable consideration, which is denied by the plaintiff, who elects to try the question by the jury.

The trustee contends that as he resided in the State of Maine, and happened in this State only for a temporary and transient purpose as aforesaid, the court has no jurisdiction so as to charge him as trustee, notwithstanding he may have had said two notes and the proceeds of the three others, belonging to the defendants, in his possession in this State, when the writ was served upon him. The parties agreed that the questions arising on the above case be transferred to the superior court for their consideration; and it was ordered that the case be transferred accordingly.

*R. Eastman*, for the trustee.

Every thing required by chapter 208 of the Revised Statutes to charge a trustee exists, and has been complied with in this case. The principal defendants appeared and answered, and judgment against them would be good in any other State. Personal service has been made on the trustee, and he appeared and disclosed, and the court had jurisdiction to charge him,

1. For the two notes in his possession. They were made and dated in this State; all the parties to them resided here at the time. They were payable to the principal defendants, and were their property, and were in the possession of the trustee in this State, at the time of the service of the writ upon him. The person and the property were both in this State, and as clearly within the jurisdiction of the court as any other person or thing in the State. Story's Conflict of Laws § 550, &c; *Jones* v. *Comings & Tr.*, 6 N. H. Rep. 497; Rev. Stat. ch. 208, § 15.

2. The trustee is chargeable for the amount of money received from the payers of said notes, for the three notes collected by him in this State, which money was had and received by said trustee, to the use of the principal defen-

dants, and which was due said defendants at the time of the service of the writ upon said trustee.

The indebtedness of the trustee to the principal defendants existed, and could be enforced as well in this State as in Maine, and there can be no good reason why this proceeding against him should not be sustained by the plaintiff, as well as though an action had been brought by the principal defendants.

" If a citizen of another State is found here, and process is served on him personally, that gives the court jurisdiction." 9 N. H. Rep. 394.

The decisions of Massachusetts, on the trustee process, are not applicable here. The statute and process are very different from ours. It is said in *Tingley* v. *Bateman*, 10 Mass. Rep. 343, (which is the leading case, as to jurisdiction, in that State, under the law of foreign attachment,) that " there is a plain implication, in a provision of the statute, that a person liable as trustee must be one who, at the time of the service of the writ, or within three years next preceding, has or has had his residence and home within the State."

The process, too, is in the nature of a proceeding *in rem*, and neither judgment or execution is issued against the trustee personally, although he may be defaulted or disclose indebtedness to the principal defendant. The execution issues against the principal defendant, and his goods in the hands of the trustee. If the goods, &c., in his hands, are not delivered to the officer having the execution, the plaintiff may have a *scire facias* against the trustee personally. But our process is personal, in the first instance, against the supposed trustee; and, in case of default or disclosure of indebtedness, "judgment shall be rendered and execution issue against such trustee, his own goods and estate therefor, * * * * * in the same manner as if such suit were brought against him personally." Rev. Stat. ch. 208, § 30.

In case notes are disclosed and the trustee refuses to de-,

liver such notes to a receiver appointed by the court, on order of the court, he shall be charged for the amount thereof, and judgment be rendered and execution issue accordingly. Rev. Stat. ch. 208, § 17.

A foreign corporation may be held as trustee, under the foreign attachment law of this State. *Libbey* v. *Hodgdon & Tr.*, 9 N. H. Rep. 394.

In Maine, a citizen of another State on whom a trustee process shall be legally served, is liable to be charged as trustee. Rev. Stat. (Maine,) ch. 119, § 12.

*R. Kimball*, for the trustee.

This case is the same in principle as that of *Jones* v. *Comings*, 6 N. H. Rep. 497. The parties all lived out of this State, though the case does not mention where the plaintiff lived; but this makes no difference. The court had no jurisdiction to charge James Ross as trustee. His obligation to the principal defendants, arising from his possession of the two notes and the money collected on the other three, mentioned in the case, was a chose in action as much as if he had owed them for labor. The officer could not attach the notes as goods; and as choses they went with him to his own residence, out of this State. And by what authority could the court detain the trustee till judgment? Or how could the receiver or sheriff, by virtue of the judgment, obtain either the notes or money of the trustee in a foreign State. *Tingley* v. *Bateman*, 10 Mass. Rep. 343.

That one of the defendants appeared after the disclosure makes no difference. The trustee had already disclosed, and moved to be discharged; and there was no way for him to be discharged but to appear and object to the jurisdiction by motion. He could not plead in abatement to the jurisdiction, for he could not give the plaintiff a better writ. Then the defendants, being co-partners, must both appear as a firm, and not one as a several defendant; or if not co-part-

ners, both must appear, so that this appearance, at that time, amounts to nothing.

EASTMAN, J. In *King* v. *Holmes & Tr.* 7 Foster's Rep. 226, it was held that an action might be commenced against a non-resident principal defendant, by the attachment of his property in the hands of the trustee residing in this State, by virtue of the trustee process, and afterwards notifying the defendant of the pendency of the suit, by publication in some newspaper, in pursuance of an order of court. We were of opinion that by such a service the court would obtain jurisdiction of the case, so as to render judgment against the parties, and hold the property in the hands of the trustee. It was an attachment of the property of the defendant, found in this State, and a notice to him, under the provisions of the statute for notifying non-residents.

In the present case, both the trustee and the principal defendants were non-residents; but after personal service of the writ upon the trustee who was temporarily in this State, one of the defendants appeared in court and answered to the action. This voluntary appearance gave the court jurisdiction, so far as the principal defendants were concerned; *Libbey* v. *Hodgdon & Tr.*, 9 N. H. Rep. 396; and there was no occasion for any notice to them, as was done in *King* v. *Holmes & Tr.* Judgment could, therefore, be obtained, and the trustee would be chargeable, provided legal service was made upon him, so as to bring him within our jurisdiction, and he had effects in his hands belonging to the principal defendants.

The trustee contends that, as he resided in the State of Maine, and was in this State at the time the writ was served upon him, only for a temporary purpose, the court had no jurisdiction so as to charge him as trustee, notwithstanding he may have had the two notes and the proceeds of the three others, belonging to the principal defendants, in his possession in this State when service was made upon

him. For the purposes of this decision, we understand it to be admitted that the trustee had upon his person, at the time the writ was served upon him, the money and notes belonging to the principal defendants; so that the distinct question is presented whether, where the principal defendant and trustee are non-residents, service can be made upon the trustee who is temporarily in this State, provided he has at the time, with him, in this State, the property of the principal defendant.

Whenever an attachment of the property of a principal defendant can be made in this State, it is clear that judgment may be obtained against him, so as to reach that property, whether a resident or not. If a non-resident, the defendant may be notified, by publication or otherwise, so as to complete the service and render it sufficient. Rev. Stat. ch. 186, §§ 5, 6.

And we have seen that in *King* v. *Holmes & Tr.*, it was, substantially, decided that the service of the writ upon a trustee having property in his hands at the time of the service, was an attachment of the principal defendant's property.

Upon the principle, then, that where an attachment is made, the court obtains jurisdiction and the service may afterwards be completed and judgment obtained, it would seem that the trustee in this case must be held. The property was attached in his hands, while in his possession, in this State. If he had not had the property with him, but had left it at his residence in Maine, it could not be said that it was attached here; but having it with him, we see no reason why it might not be attached in this way, as well as if it had been visible personal property of the defendants, and taken by the officer. If the trustee had brought into this State the goods and chattels of the defendants, and had himself no special property in them which might give him the power to remove them from the State, they could no doubt have been attached and held on a writ against the

defendants; and it appears to us that no well-founded distinction can be pointed out between such a case and one where the trustee has about his person, at the time the trustee-writ is served upon him, the money and notes of the defendant.

And such, we think, is the doctrine of *Jones* v. *Winchester & Tr.*, 6 N. H. Rep. 497 ; and of *Libbey* v. *Hodgdon & Tr.*, 9 N. H. Rep. 394.

In the former of these cases, it was decided that a person who is not an inhabitant of this State, cannot be held to answer as trustee, unless he had goods of the principal in his hands in this State, or had contracted to pay money or deliver goods to the principal, at some place in this State. The general rule of that case is, that a person who is not an inhabitant of the State, cannot be held to answer as trustee, but the *exception* is, that if he has goods, chattels, rights or credits of the defendant, in this State, he shall be charged.

In *Libbey* v. *Hodgdon & Tr.*, *Wilcox*, J., says :—" There may be difficulties in procuring legal service of a writ upon a foreign corporation ; and so in case of an individual residing in a foreign jurisdiction, it may be difficult or impossible to procure such service of process upon him as to subject him to the jurisdiction of our courts. But in either case, when the service can be made, or when the person or corporation appears and submits to our jurisdiction, we see no objection to the authority of the court to proceed. If a citizen of another State is found here, and process is served on him personally, that gives the court jurisdiction."

If this be so, as it undoubtedly is, and a good service may be made upon a non-resident principal defendant, by delivering to him in hand a summons in this State, and the court thereby obtain jurisdiction of the case, it would be difficult, we think, to show any substantial reason why jurisdiction is not also obtained of a trustee, by the service of the writ upon him in this State, if he has, at the time, the property of the principal defendant in his possession in this State.

Young *v.* Ross.

These views are not in conflict with *Sawyer* v. *Thompson & Tr.*, 4 Foster's Rep. 510. In that case, the trustee was indebted to the principal defendant, (both of them residing in Massachusetts,) and he was under no obligation to cancel the indebtedness here.

In this case, the trustee had in his possession, in this State, at the time the writ was served upon him, money belonging to the principal defendant, and also notes of his, which had been made and dated here. As to the notes, our statute expressly provides that if the trustee, at the time of the service, had in his possession any promissory note, order, receipt, bill of exchange, &c., the court may appoint a receiver to collect the same, and apply the avails to the payment of the debt and costs. Rev. Stat. ch. 208, § 15. And in regard to the money collected by the trustee, it may well be treated as money had and received by the trustee for the benefit of the principals, and for which he would be accountable any where, and, therefore, he could be holden as trustee in this State upon that ground. There was no specific contract respecting it, which was to be performed in any particular place.

It can make no difference with the decision of the case, if, as is stated in the argument, the plaintiff was a non-resident also. Non-resident plaintiffs may always bring actions in this State, and prosecute them to judgment, provided they give property security for costs.

We think that the

*Trustee must be charged.*