Hillsborough, Mar. 2, 1948. } No. 3709.

MABEL GRACE & a.

*v.*

PROCTER & GAMBLE COMPANY.

PROCTER & GAMBLE DISTRIBUTING COMPANY, *Trustee.*

*Sullivan, Dolan & Wynot* (*Mr. Wynot* orally), for plaintiffs.

*Sheehan, Phinney & Bass* (*Mr. Phinney* orally), for defendant trustee.

KENISON, J.   The fundamental issue in this case is whether the Procter & Gamble Distributing Company was "doing business within this state" and therefore "liable in the same manner as domestic corporations" in trustee process.  R. L., c. 280, s. 8.  "The question is one of federal law."  See *Campbell* v. *Corporation*, 86 N. H. 310, 311, where this court regarded the federal decisions as controlling rather than convincing.  Since the *Campbell* case, however, the legal fiction of corporate "presence" has been discarded as the test for determining jurisdiction over foreign corporations.  While there are no substitute criteria "simply mechanical or quantitative," the demands of due process are met if the activities of the corporate agents are such as "to make it reasonable and just" to require the corporation to defend the suit in the state of their activities.  *International Shoe Co.* v. *Washington*, 326 U. S. 310, 316, 319, 320.  This decision " . . . indicates that the problem of jurisdiction over foreign corporations will hereafter be treated more realistically."  1945 Annual Survey of American Law 37; *West Publishing Co.* v. *McColgan*, 328 U. S. 823.

The chargeability of the trustee and the power of the court to make orders "as may be necessary and convenient to carry into effect" (R. L., c. 412, s. 47) trustee process, is dependent on whether the trustee was doing business in this state.  The record discloses no such findings or ruling.  While the question has been argued here, it is not clear from trustee's motion to be discharged that the question was argued before or considered by the Superior Court.  Apparently the motion was considered as questioning only the power of the court to order the production of records outside the state.  In accordance with

our practice of having cases decided on their merits (*Hackett* v. *Railroad, ante,* 45), justice requires that the case be remanded. The plaintiff will have the burden of proving that the trustee was doing business in New Hampshire and may, in the discretion of the Superior Court, introduce additional evidence for that purpose and the trustee may introduce additional evidence to the contrary. The court will be guided in its findings and ruling by *International Shoe Co.* v. *Washington,* 326 U. S. 310.

If the Trial Court decides the question in the negative, the trustee will be discharged. If the court decides the question in the affirmative, its present order calling for the production of the trustee's records may stand. *Davis* v. *Company,* 79 N. H. 377.

*Case discharged.*

All concurred.