Patricia-Anne Hillman GILL, Individually and for her minor children and Patricia-Anne Hillman Gill and J. Peter Williamson as Co-Administrators of the Estate of L. Milton Gill, Jr., Plaintiffs,

v.

FAIRCHILD HILLER CORP. and Wilcox Electric Company, Inc. and Collins Radio Co. and Kollsman Instrument Corporation, Defendants and Third-Party Plaintiffs,

v.

UNITED STATES of America and Northeast Airlines, Inc., Third-Party Defendants.

Civ. A. No. 3053.

United States District Court,
D. New Hampshire.

March 23, 1970.

———◆———

Stebbins & Bradley, David H. Bradley, Hanover, N. H., for plaintiffs.

Sulloway, Hollis, Godfrey & Soden, Lawrence E. Spellman, and Martin L. Gross, Concord, N. H., for Fairchild Hiller Corp.

Wadleigh, Starr, Peters, Dunn & Kohls, Robert L. Chiesa, Manchester, N. H., for Wilcox Electric Company, Inc.

Wadleigh, Starr, Peters, Dunn & Kohls, Charles J. Dunn, Manchester, N. H., for Collins Radio Co.

Orr & Reno, Charles F. Leahy, Concord, N. H., for Kollsman Instrument Corporation.

David A. Brock, U. S. Atty., Concord, N. H., for United States of America.

Upton, Sanders & Upton, Frederic K. Upton, Concord, N. H., for Northeast Airlines, Inc.

RULING AND ORDER ON DEFENDANTS' MOTIONS TO DISMISS FOR LACK OF JURISDICTION

BOWNES, District Judge.

The motions are denied.

The complaint, as amended, alleges jurisdiction based upon NH RSA ch. 300 § 14 (1966) which provides:

*Appointment of Process Agent by Foreign Corporation.* If a foreign corporation makes a contract with a resident of New Hampshire to be performed in whole or in part by either party in New Hampshire, *or if such foreign corporation commits a tort in whole or in part in New Hampshire against a resident of New Hampshire,* such acts shall be deemed to be doing business in New Hampshire by such

foreign corporation and shall be deemed equivalent to the appointment by such foreign corporation of the secretary of the state of New Hampshire and his successors to be its true and lawful attorney upon whom may be served all lawful process in any actions or proceedings against such foreign corporation arising from or growing out of such contract or tort. The making of such contract or the committing of such tort shall be deemed to be the agreement of such foreign corporation that any process against it which is so served upon the secretary of state shall be of the same legal force and effect as if served on the foreign corporation at its principal place of business in the state or country where it is incorporated and according to the law of that state or country. (Emphasis added.)

The defendants take the position that before the plaintiffs can obtain jurisdiction they must show that the defendants had certain minimum business contacts with New Hampshire and that the maintenance of these actions in this forum will not offend traditional notions of fair play and substantial justice. Grace v. Procter & Gamble Company, 95 N.H. 74, 57 A.2d 619 (1948).

The complaint alleges that defendant Fairchild Hiller Corp. manufactured the aircraft involved in the crash which gives rise to this suit; and that the other defendants manufactured instruments and/or parts that were an integral part of the aircraft. Defendants' assertion that a preliminary evidentiary hearing is necessary before the question of jurisdiction can be decided would certainly

apply if we were concerned with NH RSA ch. 300 § 11 (1966).[1] The case of Grace v. Procter & Gamble Company, *supra*, gave full effect to the holding of International Shoe Company v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), which marked the beginning, not the end, of the reach of so-called long-arm statute jurisdiction. The case of Roy v. North American Newspaper Alliance, 106 N.H. 92, 205 A.2d 844 (1964), continues the expansion of jurisdiction started with *Grace* and confirms the opinion of the First Circuit Court in Elliott & Sons Company v. Nuodex Products Company, 243 F.2d 116, 124 (1st Cir. 1957), that the New Hampshire statute has been interpreted as "exerting jurisdiction over foreign corporations up to the constitutional limit."

In *Roy*, the New Hampshire court noted:

In order that conflict of laws in the twentieth century does not develop the rigor mortis that set in with Pennoyer v. Neff, 95 U.S. 714 [24 L.Ed. 565], it is important that we do not unnecessarily erect constitutional fictions and barriers 'for snarling up law suits against foreign corporations' and defeating the practical administration of justice. (Citations omitted.) 106 N.H. at 98, 205 A.2d at 848.

This language applies to the defendants' approach to the jurisdictional question in this case. The Court notes that the only defendant that filed an answer, Wilcox Electric Company, Inc., did not expressly deny that its product was used in the aircraft that crashed. The other defendants have not yet filed an answer, choosing to go forward first on their mo-

1. NH RSA ch. 300 § 11 (1966) provides in pertinent part:

(c) * * * Whenever any foreign corporation authorized to transact, or *transacting business in this state* shall fail to appoint or maintain in this state a registered agent upon whom service of legal process or service of any such notice or demand may be had, or whenever service on any such registered agent cannot with reasonable diligence and promptness be made as above provided, or whenever the certificate of authority of any foreign corporation shall be forfeited, then and in every such case the secretary of state shall be and hereby is irrevocably authorized as the agent and representative of such foreign corporation to accept service of any process or service of any notice or demand required or permitted by law to be served upon such corporation. (Emphasis added.)

tions to dismiss for lack of jurisdiction. For purposes of this ruling, the Court assumes that the defendant Fairchild Hiller Corp. manufactured the aircraft that crashed; and the other defendants manufactured component parts of it. If this assumption is incorrect, then, of course, the plaintiffs have no cause of action whatsoever against any of the defendants.

▮ Based on this assumption, the Court rules that the specific language of section 14 of chapter 300 gives this court jurisdiction over the person of the defendants. The Court points out that section 14 was enacted in 1965 and is merely a statutory extension of the ruling of the *Roy* case.

▮ All of the defendants are engaged in the manufacture of either airplanes or component parts of airplanes. They must know that it is probable that the aircraft in which the parts are used will be flown all over the United States, if not all over the world. To require that the plaintiffs make a positive evidentiary showing that the defendants intended that either the aircraft or the parts would be used in New Hampshire would erect an unreasonable barrier to law suits against foreign corporations, based not on the practicalities of the situation, but on legal formulas and fictions that bear no relationship to the facts of life in the 1970's. The risk of suit being brought against them in any one of the fifty states is one of the risks that the defendants must bear because of the nature of their business.

To hold that, in order to get jurisdiction over these defendants, the plaintiffs must bring suit in the states in which the defendants do their manufacturing or conduct their sales would impose an unfair and unreasonable burden on the plaintiffs.

▮ The Court holds that it is reasonable and consistent with due process to subject the defendants to the judicial and legislative jurisdiction of New Hampshire pursuant to NH RSA ch. 300 § 14.

The defendants' motions to dismiss for lack of jurisdiction are denied.

So ordered.