**ACME ENGINEERING, INC.**

v.

**CERAMIC COATING COMPANY.**

Civ. A. No. 75-112.

United States District Court,
D. New Hampshire.

July 14, 1975.

John E. Friberg, Wadleigh, Starr, Peters, Dunn & Kohls, Manchester, N. H., for plaintiff.

Neil F. Castaldo, Orr & Reno, Concord, N. H., for defendant.

## OPINION AND RULING

BOWNES, District Judge.

Ceramic Coating Company ("Ceramic"), the defendant, has moved to dismiss this action pursuant to Rule 12(b) of the F.R.C.P. for lack of jurisdiction. The motion is granted.

## FACTS

The plaintiff, Acme Engineering, Inc. ("Acme"), a New Hampshire corporation, having its principal place of business at 180 Revere Avenue, Manchester, New Hampshire, brought suit against Ceramic, a Kentucky corporation, having its principal place of business in that Commonwealth. The cause of action is based upon an alleged breach of contract.

The plaintiff contracted with defendant for the purchase and sale of glass lined sewer pipe. Defendant purchased the sewer pipe from American Cast Iron Pipe Company ("American"), an Alabama corporation, and lined it with glass prior to delivery to plaintiff. American is not presently a party to this action.

By affidavit of its president W. W. Carpenter filed May 23, the defendant states that:

> No sales employee of Ceramic Coating Company has ever lived, traveled or made sale calls within the State of New Hampshire since the founding of the organization. Further, at no time has Ceramic Coating Company been represented in the State of New Hampshire by a manufacturer's representative, broker, agent or other sales person.

The affidavit also avers that plaintiff was defendant's only New Hampshire business contact up until April, 1975, and that the pipe was delivered F.O.B. Kentucky.

Defendant reiterated the above in its answer to jurisdictional interrogatories filed June 6. The interrogatories also state that the Acme transaction represented approximately five per cent of defendant's total dollar volume of sales; that defendant placed no advertisements in New Hampshire, and that defendant never attended any conventions in this State during the past five years.

Ceramic maintains that the initial communication between itself and Acme was initiated by the plaintiff for the purpose of soliciting a quotation for the items that are the subject of the disputed contract.

It is agreed by the parties that there were eighteen telephone calls and twelve letters associated with the disputed contract.

Service of process was made by the New Hampshire "long-arm" statute. NH RSA 300:11(c).

## ISSUE

Does the defendant have sufficient contacts with New Hampshire to permit this court to exercise jurisdiction over it and satisfy the due process clause of the Fourteenth Amendment of the United States Constitution?

## ANALYSIS AND RULING

The New Hampshire long-arm statute provides in relevant part:

> . . . Whenever any foreign corporation authorized to transact, or transacting business in this state shall fail to appoint or maintain in this state a registered agent upon whom service of legal process or service of any such notice or demand may be had, . . . the secretary of state shall be and hereby is irrevocably authorized as the agent and representative of such foreign corporation to accept service of any process or service of any notice . . . .. NH RSA 300:11(c)

■ The touchstone in any jurisdiction dispute is *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), and *McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957). These cases establish the principle that due process requires the defendant to have some "minimum contacts" with the forum state in order to subject a foreign corporation that is not incorporated in the forum state to *in personam* jurisdiction. The principle exists to protect "traditional notions of fair play and substantial justice."

■t is essential in each case that there be some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws. *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958).

■ The amenability of a foreign corporation to local process in a diversity suit "is determined in accordance with the law of the forum state." *Seymour v. Parke, Davis & Company*, 294 F. Supp. 1257, 1259 (D.N.H.1969), *aff'd.* 423 F.2d 584 (1st Cir. 1970).

In *Roy v. North American Newspaper Alliance*, 106 N.H. 92, 205 A.2d 844 (1964), the New Hampshire Supreme Court held that the purpose of the New Hampshire "long-arm" statute was to extend jurisdiction over a nonresident to the fullest extent permissible under the due process clause of the Fourteenth Amendment. This court applied the "long-arm" statute accordingly. *Look v. Hughes Tool Co.*, 367 F.Supp. 1003 (D.N.H.1973); *In re Tech Consolidated, Inc.*, 329 F.Supp. 27 (D.N.H.1971); *Gill v. Fairchild Hiller Corp.*, 312 F.Supp. 916 (D.N.H.1970).

*Roy v. North American Alliance, supra,* holds that there are no mechanical means of assessing contacts. Note, Nonresident Jurisdiction and The New England Experience, 48 B.U. Law Rev. 372, 395–402 (1968). Guided by two important considerations, courts must consider each case on its own facts. These considerations are:

First, the exercise of jurisdiction has to be reasonable from the standpoint of New Hampshire's interest in the litigation. Second, it has to be consistent with principles of fair play and substantial justice. *Leeper v. Leeper*, 114 N.H. 294, 296, 319 A.2d 626, 628 (1974).

■ Ceramic does not have the sort of contacts with New Hampshire envisaged by the Fourteenth Amendment as interpreted by *International Shoe* and its progeny. To date, defendant has had a single contact with New Hampshire and that is the subject of this suit. This contact was neither for a substantial portion of defendant's business nor was it either preceded or followed by employees or agents of defendant foraging about New Hampshire for customers. Indeed, there is evidence that Ceramic did not even initiate or otherwise solicit the transaction in dispute. Also considered were the dearth of defendant advertisements in this State, as well as the transfer of title in Kentucky.

Were I to rule otherwise, persons in the position of defendant would be confronted with the Hobson's choice of either accepting an unsolicited business bid and succumbing to another state's jurisdiction, or rejecting the offer. Such a choice would be neither palatable to notions of fair play, nor beneficial to interstate commerce.

Plaintiff can advance no competing equitable considerations. This is not a tort action. If it were, plaintiff could argue that the wrong occurred here, and New Hampshire citizens should have the opportunity for local remedy. *See, Libbey v. Hodgdon*, 9 N.H. 394, 396 (1838). In the matter before me, however, defendant did not drop its glass pipes into the stream of commerce for unknown and unknowing third-parties to pick up downstream. Instead, defendant bargained with the

known and knowing plaintiff. In the absence of other defendant contacts with New Hampshire, any rights that plaintiff may have arise out of the bargain, which was initiated and consummated elsewhere, and elsewhere plaintiff must go to prosecute this action.

I rule that there are insufficient contacts between New Hampshire and Ceramic for this court to exercise jurisdiction.

Motion to dismiss granted.

So ordered.