## EDY CLOVER PRODUCTIONS, INC., and Marc Goodman

### v.

## NATIONAL BROADCASTING COMPANY, INC., and H. G. Saperstein and Associates, and Heatter Quigley, Inc.

### Appeal of HEATTER QUIGLEY, INC.

### No. 77-1693.

United States Court of Appeals,
Third Circuit.

Submitted Feb. 16, 1978.
Decided Feb. 27, 1978.

---

Douglas C. Fairhurst, Susan M. Campbell, New York City, Goodman & Stoldt, Hackensack, N. J., Townley & Updike, New York City, for appellant, Heatter-Quigley, Inc.

Kenneth S. Javerbaum, Bloom & Javerbaum, Springfield, N. J., for appellee.

Before GIBBONS and HUNTER, Circuit Judges, and STAPLETON,* District Judge.

## OPINION OF THE COURT

GIBBONS, Circuit Judge.

Heatter-Quigley, Inc., a California corporation which produces television game shows in California, is one of several defendants sued in the District of New Jersey for copyright infringement and unfair competition. It appeals from an interlocutory order denying its motion to dismiss for lack of *in personam* jurisdiction.[1] The plaintiffs in the action are Edy Clover Productions, Inc., a New Jersey corporation doing business in New Jersey, and its president Marc Goodman, a New Jersey resident. The complaint alleges that a game show named "The Magnificent Marble Machine," broadcast by the National Broadcasting Company, Inc. (NBC), from a New York transmitter to television receivers in New Jersey, infringes a copyrighted television script owned by the plaintiffs. The affidavits on file establish that Heatter-Quigley produced the allegedly infringing series in California and furnished it to NBC, knowing that it would be so broadcast. We affirm the order of the district court.

It is clear that a state has an interest in protecting its residents from interstate transmissions which infringe their copyrights. The state has, therefore, an interest in providing a forum. It is also clear that a producer of a television program, who knows that the production will be transmitted interstate, can anticipate that infringement may result at places re-

---

1. The case is before us pursuant to a certificate under 28 U.S.C. § 1292(b).

mote from the place of production. There is, therefore, no unfairness in requiring the producer to answer such a charge in the state in which it arises. *See Empire Abrasive Equipment Corp. v. H. H. Watson, Inc.,* 567 F.2d 554 (3d Cir. 1977).

The order appealed from will be affirmed.