Image Ten, Inc. *v.* Walter Reade Organization, Inc., Appellant.

Argued September 27, 1973. Before JONES, C. J., EAGEN, O'BRIEN, POMEROY, NIX and MANDERINO, JJ.

*Thomas Levendos,* with him *George Shorall,* for appellant.

*Andrew M. Schifino,* with him *Louis J. Grippo,* for appellee.

OPINION BY MR. JUSTICE MANDERINO, July 2, 1974:

The appellant, The Walter Reade Organization, Inc., and the appellee, Image Ten, Inc., entered into a contract on June 10, 1968. Under the contract the appellant acquired, for a consideration, the "sole right and privilege" to distribute, exhibit, rent, advertise and otherwise market the appellee's full-length motion picture entitled "Night of the Living Dead." In February of 1972, the appellee filed a complaint in equity, demanding an injunction, an accounting and damages for appellant's alleged breach of contract. An amended complaint was later permitted. Service was made through the Secretary of the Commonwealth pursuant to section 1011(B) of the Business Corporation Law, Act of May 5, 1933, P. L. 364, art. X, §1011(B), *as amended,* 15 P.S. §2011(B). The trial court dismissed appellant's preliminary objections in the nature of a demurrer alleging lack of jurisdiction. This appeal followed.

The central issue raised by the appellant is whether the shipping of motion picture films into Pennsylvania, either directly or indirectly, is sufficient to meet the "doing business" requirement of the Pennsylvania "long-arm statute." Act of May 5, 1933, P. L. 364, art. X, §1011(B), *as amended,* 15 P.S. §2011(B) (repealed and replaced by Act of November 15, 1972, P. L. 1063, No. 271, §5, 42 Pa. S. §8309.

After the appellant contracted with the appellee, it entered into agreements with numerous distributors and exhibitors in Pennsylvania for the showing of appellee's motion picture. Pursuant to those agreements, appellant has shipped the motion picture from outside of Pennsylvania into Pennsylvania where it has been shown on numerous occasions between 1968 and the time of the filing of the appellee's complaint.

Appellant does not dispute the above facts but contends that they are insufficient to constitute "doing business" because appellant has no offices in Pennsylvania; is not listed in any Pennsylvania telephone directories; has no agents in Pennsylvania; has no salesmen, clerks, or employees in Pennsylvania; enters into all contracts with Pennsylvania distributors and exhibitors in the State of New York; and does business with the Pennsylvania distributors and exhibitors by telephone and mail from the State of New York.

Appellant first argues that in order for jurisdiction to attach under the Business Corporation Law, the *presence* of appellant or its agents in some *substantial* form is required. According to appellant, the presence of independent contractors or distributors in Pennsylvania is not sufficient to constitute "doing business" in Pennsylvania. Appellant cites the following cases: *Wenzel v. Morris Distrib. Co.*, 439 Pa. 364, 266 A.2d 662 (1970); *Yoffee v. Golin*, 413 Pa. 154, 196 A.2d 317 (1964); *Namie v. DiGirolamo*, 412 Pa. 589, 195 A.2d 517 (1963). We do not agree.

Under *Pennoyer v. Neff*, 95 U.S. 714, 24 L. Ed. 565 (1878), the due process inquiry was addressed to the "presence" of the defendant in the forum state. *International Shoe Co. v. Washington*, 326 U.S. 310, 90 L. Ed. 95, 66 S. Ct. 154 (1945), looked to "minimum contacts" in the forum state, not "physical presence" in the forum state. *International Shoe Co.* said: "[D]ue process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain *minimum contacts* with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice' . . . ." *Id.* at 316, 90 L. Ed. at 102, 66 S. Ct. at 158 (emphasis added). *McGee v. Life Insurance Co.*, 355 U.S. 220, 2 L. Ed. 2d 223, 78 S. Ct. 199 (1957), held that due process was

met when an insurance company was subjected to the jurisdiction of the California courts, even though its only contact with the State was that insurance contracts were mailed to policyholders in that state. Due process only requires "that there be some act by which the defendant purposefully avails [himself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253, 2 L. Ed. 2d 1283, 1298, 78 S. Ct. 1228, 1240 (1968).

In 1968, Pennsylvania amended its "long-arm statute." We have not had occasion to consider the issue of "doing business" since that amendment. A review of the legislative and judicial history of the "long-arm statute" prior to the 1968 amendment is instructive. Prior to 1963, section 1011(B) of the Business Corporation Law provided: "B. Any foreign business corporation which shall have done *any business* in this Commonwealth, without procuring a certificate of authority to do so from the Department of State, shall be conclusively presumed to have designated the Secretary of the Commonwealth as its true and lawful attorney authorized to accept, on its behalf, service of process in any *action arising out of acts or omissions of such corporation within this Commonwealth.*" Act of May 5, 1933, P. L. 364, art. X, §1011(B), *as amended,* 15 P.S. §2011(B) (emphasis added).

Section 1011(C) provided the definition of "doing business" as follows: "C. For the purposes of determining jurisdictions of courts within this Commonwealth, the *entry* of any corporation into this Commonwealth for the doing of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object, or doing a single act in this Commonwealth for such purpose, with the intention of thereby initiating a series of such acts, shall constitute 'doing business.' " Act of May 5, 1933, P. L. 364, art. X,

§1011(C), *as amended,* 15 P.S. §2011(C) (emphasis added).

The definition of "doing business," under the old section 1011(C), was first considered in *Swavely v. Vandergrift,* 19 Pa. D. & C. 2d 153, affirmed, 397 Pa. 281, 154 A.2d 779 (1959). In *Swavely,* a Michigan corporation marketed its products through distributors in Pennsylvania who were separate and independent from the corporation. In addition, the foreign corporation had manufacturer's representatives in Pennsylvania who recommended distributors to the parent company. A Pennsylvania resident brought an action in trespass against a retailer for faulty installation of an incinerator which caused a fire. The retailer, in turn, attempted to join the Pennsylvania distributor and the Michigan corporation. The Michigan corporation denied that it was "doing business" in Pennsylvania. We agreed, adopting the trial court's construction of section 1011(C). The trial court's opinion stated "obviously an impersonal corporate entity organized and located in another jurisdiction can be said (in the words of the statute) to have 'entered' the State of Pennsylvania only if its *agents* or property had been *physically present* therein on the relevant occasion." *Id.* at 165-66, 154 A. 2d at 786 (emphasis added). It was also noted that ". . . even though Pennsylvania might not be precluded by the due process clause or commerce clauses of the Constitution of the United States from legislatively authorizing the assertion of jurisdiction over a foreign corporation in circumstances such as here presented, the fact remains that it has not done so." *Id.* at 168, 154 A.2d at 787.

Our decision in *Swavely,* limited the concept of "doing business" by concluding that the indirect distribution of products in Pennsylvania by a foreign corporation was not a sufficient basis for imposing jurisdiction. As a result of our holding that the test, in part, in-

cludes the "entry" into the Commonwealth by a foreign corporation as evidenced by the *physical presence of corporate agents,* many of our later decisions were controlled by a determination of whether the corporate representative present in this jurisdiction was an independent contractor or an agent or employee of the foreign corporation. *Miller v. Kiamesha-Concord, Inc.,* 420 Pa. 604, 218 A.2d 309 (1966); *Yoffee v. Golin,* 413 Pa. 154, 196 A.2d 317 (1964); *Namie v. DiGirolamo,* 412 Pa. 589, 195 A.2d 517 (1963). Where, however, the presence of corporate agents was not disputed, we found that the essential jurisdictional inquiry is whether the contacts, ties and relations which the corporation has with Pennsylvania are sufficient to make this state an appropriate forum within the meaning of the due process clause of the Fourteenth Amendment. *Wenzel v. Morris Distrib. Co.,* 439 Pa. 364, 266 A.2d 662 (1970). Prior to 1963, several cases were controlled by the statutory requirement that the cause of action must arise "out of acts or omissions of such corporation within this Commonwealth," even though said corporations were doing business in this State through its agents or employees. *Frisch v. Alexson Equip. Corp.,* 423 Pa. 247, 224 A.2d 183 (1966); *Rufo v. Bastian-Blessing Co.,* 405 Pa. 12, 173 A.2d 123 (1961). In 1963, however, the legislature deleted this jurisdictional requirement from section 1011(B) and, thus, liberalized our "long-arm statute." Act of August 13, 1963, P. L. 703, §§1-2. Section 1011(C) became applicable regardless of the situs of the acts or omissions giving rise to the cause of action. The 1963 amendment, however, did not alter the "entry" requirement of section 1011(C) and, thus, left our holding in *Swavely,* unaffected.

The wisdom of the *Swavely* test which focused on the particular contractual status of a foreign corporation's representatives in Pennsylvania was eventually

questioned. In *Cecere v. Ohringer Home Furniture Co.*, 208 Pa. Superior Ct. 138, 149, 220 A.2d 350, 357 (1966), the Superior Court noted: ". . . our Commonwealth's right to assert jurisdiction over a foreign corporation should not depend on whether the corporation's representative in the state was technically an agent or an independent contractor. A more fruitful and proper determination of jurisdiction might include a consideration of the parties relative access to proof and witnesses, the relative hardship to the parties, the foreseeability of consequences in a foreign state, the nature of the injury, and the nature of the corporation's business and activities. Certainly, a flexible standard should be adopted which will test the reasonableness of subjecting a foreign corporation to jurisdiction in the forum state."

In *Myers v. Mooney Aircraft, Inc.*, 429 Pa. 177, 240 A.2d 505 (1967), we declined to strictly apply the *Swavely* test and held that the independent contractor relationship between a foreign corporation and a Pennsylvania resident, was not controlling where it appeared that "[t]he distribution and sales agreements and the service contract between Mooney and Weber, who was also a member of Mooney's board of directors, the advertising methods required and provided, the advertising of Mooney's distributors as 'Official Mooney Service Centers,' the entry into Pennsylvania, although sporadic, of Mooney's vice-president of sales, assistant sales manager and other employees all indicate that Mooney for 'pecuniary benefit' did effect an entry into Pennsylvania." *Id.* at 188, 240 A.2d at 512.

In 1968, the Pennsylvania legislature amended section 1011(C), and significantly altered the definition and scope of "doing business." Act of July 20, 1968, P. L. 459, No. 216, §54. Since the complaint in the present case was filed subsequent to the effective date of the 1968 amendment, the amended language of section 1011(C) is controlling as to the issue of whether or not

the appellant is properly subject to this State's jurisdiction. *See Kilian v. Allegheny County Distribs.*, 409 Pa. 344, 185 A.2d 517 (1962). Section 1011(C), as amended, provides: "For the purposes of determining jurisdictions of courts within this Commonwealth, the doing by any corporation in this Commonwealth of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object, or doing a single act in this Commonwealth for such purpose, with the intention of thereby initiating a series of such acts, shall constitute 'doing business'. *For the purposes of this subsection the shipping of merchandise directly or indirectly into or through this Commonwealth shall be considered the doing of such an act in this Commonwealth.*" Act of July 20, 1968, P. L. 459, No. 216, §54 (emphasis added).

The legislative deletion of the "entry" requirement in section 1011(C) and its addition of the last sentence, in effect, abolished the *Swavely* test. A nonregistered foreign corporation may now be subject to suit in Pennsylvania whether or not its agents or employees were ever physically present in this State and regardless of the contractual relationship between the foreign company and its Pennsylvania representative. Under the last sentence of amended section 1011(C), "the shipping of merchandise directly or indirectly into or through this Commonwealth" is sufficient conduct to establish that a foreign corporation is "doing business" in Pennsylvania, and that conduct would therefore subject the foreign corporation to Pennsylvania's jurisdiction.

We conclude that the activities of appellant, The Walter Reade Organization, Inc., fall under the "doing business" clause of section 1011(C), as amended. The appellant on numerous occasions shipped motion picture film, either directly or indirectly, into Pennsylvania. Under the last sentence of the 1968 amendment, such conduct constitutes the ". . . shipping of merchan-

dise directly or indirectly into or through this Commonwealth. . . ." Appellant contends that the motion picture film which it shipped into Pennsylvania was not "merchandise." Appellant argues that the film shipped was "of little intrinsic value." It claims that the "image" embodied in the film was that which was leased and shipped. Appellant, therefore, claims it was shipping a "copyrighted story" on film which does not constitute "merchandise." We do not agree. There is no such restriction in the statute and the word "merchandise" clearly applies to a motion picture film, just as it would to any product which is marketable because of its artistic value rather than the value of its physical components.

Appellant also argues that it did not ship the merchandise for sale but only for temporary use. Section 1011(C), however, does not require that the shipment be of merchandise that is to be sold. Under section 1011(C), a "pecuniary benefit" to the appellant is a sufficient objective. That objective is clearly present in this case.

We are similarly unmoved by appellant's argument that the 1968 amendment was only intended to apply to actions in trespass and not to actions on a contract. The statutory language does not indicate, either expressly or impliedly, such a distinction. The purpose of our "long-arm statute" is to provide an appropriate forum for citizens to seek redress for harm caused by foreign corporations which have availed themselves of the privilege of "doing business" in this Commonwealth. Under the statute, the type of harm inflicted is immaterial to the jurisdictional issue. The statute applies to all forms and causes of action, except those enumerated in section 1011(D), which is not applicable to this case. The trial court properly dismissed appellant's preliminary objections.

Order affirmed. Each party to pay own costs.

Mr. Justice ROBERTS took no part in the consideration or decision of this case.

Mr. Justice POMEROY concurs in the result.