327 A.2d 8
**McCRORY CORPORATION, Appellee,**
v.
**GIRARD RUBBER CORPORATION, Appellant.**

Supreme Court of Pennsylvania.
Argued Oct. 1, 1973.
Decided Oct. 16, 1974.

Norman H. Stark, James D. Cullen, MacDonald, Illig, Jones & Britton, Erie, for appellant.

Wallace J. Knox, Erie, for appellee.

Before JONES, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

MANDERINO, Justice.

The only issue in this appeal is whether the appellant, Girard Rubber Corporation, a foreign corporation, is

"doing business" in Pennsylvania and is therefore subject to service of process under Section 1011 of the Business Corporation Law, Act of May 5, 1933, P.L. 364, art. X, § 1011, as amended, 15 P.S. § 2011. (Repealed and replaced by Act of November 15, 1972, P.L. 1063, No. 271, § 5, 42 Pa. S. § 8309.) Appellant is the defendant in an assumpsit action brought by the appellee, McCrory Corporation. Appellee seeks indemnification from the appellant and alleges that the appellant negligently manufactured a rubber suction cup tip placed on a toy arrow which injured a minor plaintiff who recovered a judgment against the appellee which had sold the arrow.

Service on the appellant, a New York Corporation, was made through the Secretary of the Commonwealth pursuant to Section 1011(B) of the Business Corporation Law, Act of May 5, 1933, P.L. 364, art. X, § 1011(B), as amended, 15 P.S. § 2011(B). Appellant filed preliminary objections challenging the trial court's jurisdiction over the New York Corporation. The trial court dismissed the preliminary objections and the Superior Court unanimously affirmed that decision on appeal. *McCrory Corp. v. Girard Rubber Corp.*, 225 Pa.Super. 45, 307 A.2d 435 (1973). We then granted appellant's petition for allowance of appeal.

Appellant concedes that five percent of its gross sales, approximately $41,000 per year, are transacted with Pennsylvania customers, and that these orders are shipped into Pennsylvania by truck. The appellant, however, argues that it is not "doing business" in Pennsylvania because it maintains no office or place of business in Pennsylvania, nor does it have any employees or representatives located in this state. The appellant also argues that the present assumpsit action arises out of a series of transactions, all of which took place outside of Pennsylvania and which were in no way connected with Pennsylvania. The appellant's arguments must be rejected since the appellant concedes that it *ships merchandise directly into* Pennsylvania.

The shipping of merchandise into Pennsylvania by the appellant is an act which constitutes "doing business" in Pennsylvania, under section 1011(C), of the Business Corporation Law. That section provides:

"For the purposes of determining jurisdictions of courts within this Commonwealth, the doing by any corporation in this Commonwealth of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object, or doing a single act in this Commonwealth for such purpose, with the intention of thereby initiating a series of such acts, shall constitute 'doing business.' *For the purposes of this subsection the shipping of merchandise directly or indirectly into or through this Commonwealth shall be considered the doing of such an act in this Commonwealth.*"

Act of May 5, 1933, P.L. 364, art. X, § 1011(C), *as amended,* 15 P.S. § 2011(C). (Emphasis added.)

In *Image Ten, Inc. v. The Walter Reade Organization, Inc.,* 456 Pa. 485, 322 A.2d 109 (1974), we held that a foreign corporation which shipped motion picture film into Pennsylvania was "doing business" even though it had no offices, agents, or employees physically present in this state. We stated that under section 1011(C):

"A nonregistered foreign corporation may now be subject to suit in Pennsylvania whether or not its agents or employees were ever physically present in this State and regardless of the contractual relationship between the foreign company and its Pennsylvania representative. Under the last sentence of amended section 1011(C), 'the shipping of merchandise directly or indirectly into or through this Commonwealth' is sufficient conduct to establish that a foreign corporation is 'doing business' in Pennsylvania, and that conduct would therefore subject the foreign corporation to Pennsylvania's jurisdiction."

*Id.* at, 322 A.2d at 114.

Since it is undisputed that the appellant ships merchandise into Pennsylvania the "minimum contacts" necessary to meet the requirements of due process are present. *Hanson v. Denckla*, 357 U.S. 235, 253, 2 L.Ed. 2d 1283, 78 S.Ct. 1228, 1240, 1298, (1968); *McGee v. Life Insurance Co.*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957), *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), *Image Ten v. The Walter Reade Organization, Inc.*, 456 Pa., 485 322 A.2d 109 (1974).

We note that in 1972, when section 1011(C) was reenacted in substantially the identical language which was in effect when this action was filed, the legislature added the following provision of the law:

"[T]he jurisdiction and venue of courts of the Commonwealth shall extend to all foreign corporations and the powers exercised by them to the fullest extent allowed under the Constitution of the United States."

Act of November 15, 1972, P.L. 1063, No. 271, § 8309, 42 Pa. S. 8309(b).

Since the appellant was "doing business" in Pennsylvania, the trial court properly dismissed the preliminary objections.

Order affirmed.

EAGEN, J., did not participate in the consideration or decision of this case.