390 A.2d 1339

Allan WASHINGTON

v.

U. S. SUZUKI MOTOR CORP. and Yamaha of Bryn Mawr, Inc. t/a YBM Cycle Sales, and Mikuni Kogyo American Corp. and Mikuni Kogyo Corporation and Mikuni Kogyo Company.

**Appeal of MIKUNI KOGYO COMPANY.**

Superior Court of Pennsylvania.

Argued Sept. 12, 1977.

Decided July 12, 1978.

James J. Donohue, Philadelphia, with him Joseph V. Pinto, Philadelphia, for appellant.

Renee Sarajian, Philadelphia, for appellee, U. S. Suzuki Motor Corp.

Philip D. Weiss, Norristown, submitted a brief for appellee, Yamaha of Bryn Mawr, Inc.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

This is an appeal from an order of the lower court dismissing appellant's preliminary objections, which contested the court's jurisdiction over appellant and the late joinder of appellant as additional defendant.

Allan Washington bought a Suzuki motorcycle from appellee Yamaha of Bryn Mawr, Inc. The motorcycle had been supplied to Yamaha by U. S. Suzuki Motor Corp. After an accident, in which he was hurt, Washington brought suit

against Yamaha and Suzuki, alleging that the motorcycle's throttle had malfunctioned, and raising claims of negligence, strict liability, and breach of warranty. Almost 30 months later, Suzuki petitioned for an extension of time to join appellant Mikuni Kogyo Company, Ltd., as additional defendant,[1] alleging that Mikuni Kogyo had manufactured the carburetor that Suzuki had incorporated into the motorcycle, that the accident was caused by a defect in the carburetor, and that Mikuni Kogyo was liable.

In support of its preliminary objections, appellant argues that since it is a Japanese corporation and has never done any business in Pennsylvania, the courts of this Commonwealth cannot have jurisdiction over it.

We are mindful that before a state may exercise jurisdiction over a foreign corporation, that corporation must have had "minimum contacts" within the state. *Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958), *McGee v. International Life Ins. Co.,* 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957), *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), *McCrory Corp. v. Girard Rubber Corp.,* 459 Pa. 57, 327 A.2d 8 (1974), *Image Ten v. Walter Reade Organization, Inc.,* 456 Pa. 485, 322 A.2d 109 (1974). The Pennsylvania "Long-Arm" statute, intending to extend the jurisdiction of the Commonwealth's courts "to all foreign corporations . . . to the fullest extent allowed under the Constitution of the United States," Act of November 15, 1972, P.L. 1063, No. 271, § 8309, 42 P.S. 8309(b), provides that a corporation is "doing business," and is therefore subject to jurisdiction, if it is found to be "shipping . . . merchandise directly or indirectly into or through this Commonwealth. . . ." *Id.,* § 8309(a)(3).

In *McCrory Corp. v. Girard Rubber Corp.,* 225 Pa.Super. 45, 307 A.2d 435, *aff'd* 459 Pa. 57, 327 A.2d 8 (1974), this court held that a New York corporation was subject to the

---

1. The petition was eventually granted.
   Mikuni Kogyo, Co., Ltd., was incorrectly named as Mikuni Kogyo Corp. and Mikuni Kogyo Co.

Commonwealth's jurisdiction. We noted that the New York corporation manufactured rubber suction tips for use in children's darts, and sold them to a Tennessee corporation, which made the darts and which sold them, in turn, to the retailer in Pennsylvania. We held that this constituted "indirect" shipments into the Commonwealth because "Girard [the New York corporation] could reasonably foresee that its product would be sold 'as part of the whole' arrow to outlets around the country, and that Pennsylvania would be one such market." 225 Pa.Super. at 52, 307 A.2d at 438. In addition, we found evidence of direct shipments. The Supreme Court, in affirming, relied only on the finding of direct shipments, but did not disavow the finding of jurisdiction based on indirect shipments. The rationale of this court in *McCrory* for finding indirect shipments is as persuasive in this case as it was there. Appellant, who Suzuki admits was the sole supplier of carburetors found in Suzuki motorcycles, could reasonably foresee that some of its product, as part of completed motorcycles, would be sold in this Commonwealth.[2]

■ Appellant argues that assuming it was appropriate to "stretch" jurisdiction in *McCrory v. Girard Rubber Corp., supra,* it is inappropriate to do so here, on behalf of a nonresident corporation, Suzuki, that seeks to use the Pennsylvania courts. However, there is nothing in the *McCrory* opinions, either of the Supreme Court or of this court, indicating that the retailer was a Pennsylvania corporation. Furthermore, since the legislature has seen fit to open the courts of the Commonwealth to nonresident corporations in

**2.** Affidavits by Mikuni Kogyo's American affiliate, which Suzuki also sought to join as additional defendant, established that in 1972, the year the motorcycle in question was manufactured, Suzuki Motor Co., Ltd., a Japanese corporation, sent 35.7 percent of its 604,211 motorcycles to U. S. Suzuki Motor Corp., its U. S. distributor, for distribution, and that 4.78 percent of these motorcycles were sent to Pennsylvania. While these affidavits are not binding in the litigation between Suzuki and Mikuni Kogyo, neither party disputes the figures.

the first instance, we see no reason to accord nonresident litigants narrower rights than resident litigants have.[3]

■ The order dismissing appellant's preliminary objections challenging jurisdiction is affirmed.[4]

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

3. Appellant has not argued *forum non conveniens.*

4. On this appeal we may consider only the question of jurisdiction over Mikuni Kogyo. Act of March 5, 1925, P.L. 23, No. 15, 12 P.S. § 672. We may not consider the additional question (which has been argued to us) of whether the joinder of Mikuni Kogyo was improper. *West Penn Power Co. v. Goddard,* 460 Pa. 551, 333 A.2d 909 (1975); *Studio Theaters, Inc. v. City of Washington,* 418 Pa. 73, 209 A.2d 802 (1965).