Richard J. HECKEL, Executor of the Estate of Olga J. Heckel, a/k/a Olga Josephine Heckel, Deceased

v.

BEECH AIRCRAFT CORP., Poorman Aircraft Service, Nichels Engineering Co., Inc., G. N. Aircraft, Inc., Thompson Flying Service, Inc., Leon Lamp, Lamp Aircraft Service and M. J. Corbi Aircraft Sales, Inc.

Glenn A. SHAW

v.

BEECH AIRCRAFT CORP., Poorman Aircraft Service, Nichels Engineering Co., Inc., G. N. Aircraft, Inc., Thompson Flying Service, Leon Lamp, Lamp Aircraft Service and M. J. Corbi Aircraft Sales, Inc.

Civ. A. Nos. 78–891, 78–1178.

United States District Court, W. D. Pennsylvania.

Feb. 16, 1979.

Henry Beamer, Fred Mercer, Pittsburgh, Pa., for plaintiffs.

Raymond Hasley, Daniel Weis, Pittsburgh, Pa., Roger Bullock, Salt Lake City, Utah, Robert Swan, Canton, Ohio, Charles Duffy, William Pietragallo, Albert Feczko, Thomas Reinstadtler, Pittsburgh, Pa., William France, Alliance, Ohio, Paul Geer, Pittsburgh, Pa., for defendants.

## OPINION

KNOX, District Judge.

The problems of long arm jurisdiction arising out of crashes of ubiquitous airplanes are seemingly endless. New facets of the problems are constantly arising necessitating a resort to the construction of the Pennsylvania long arm statutes both old and new. If we were to conclude that the Pennsylvania Statutes cover a given situation, then we must determine whether exercise of jurisdiction is fair under constitutional requirements laid down by the Supreme Court in the landmark case of *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

The instant litigation arises out of a crash which occurred on Schenley Golf Course in Pittsburgh, Allegheny County, Pennsylvania on August 21, 1977, when the engine failed shortly after takeoff and an emergency landing was attempted which resulted in disaster. Olga J. Heckel, plaintiff's decedent in 78–891 was killed and Glenn A. Shaw, plaintiff in 78–1178, was seriously injured.

Plaintiffs have sued the manufacturer of the aircraft, Beech Aircraft Corporation, and a large number of aircraft maintenance and repair services scattered through Ohio, Indiana and Utah claiming that their acts in repairing or maintaining the aircraft or parts thereof were negligent and caused or contributed to the cause of the accident.

There are presently before us motions to dismiss for lack of in personam jurisdiction by the following: (1) Nichels Engineering, an aircraft certified repair station located in Griffith, Indiana, which allegedly performed maintenance work on the crankcase in the aircraft one year before the accident. It appears that the work was performed under contract with defendant G. N. Aircraft and that after the crankcase was repaired Nichels repaired and inspected parts of the engine and certified the same fit for service. (2) G. N. Aircraft, Inc. also located in Griffith, Indiana, received the crankcase in question from defendant, M. J. Corbi Aircraft Sales Inc. in Ohio. It is claimed that G. N. Aircraft was negligent in repair and inspection of the engine and that such negligence proximately caused the accident. (3) Thompson Flying Service Inc., Salt Lake City, Utah, is a fixed base operator at Salt Lake International Airport performing repairs and maintenance. Thompson's affidavit discloses that in the year 1968 it performed a major overhaul of the engine in question for one William B. Ambrose of Corte Madera, California. It would appear that this is the engine which failed upon takeoff which failure caused the crash.

The other defendants, Poorman Aircraft Service, Leon Lamp and Lamp Aircraft Service and M. J. Corbi Aircraft, Inc. were located in Ohio and were sued by plaintiffs in the Northern District of Ohio, Eastern Division at Civil Action No. 78–1023Y. In that case, Judge Krupansky granted a motion to transfer the proceedings to the Western District of Pennsylvania, by order dated November 29, 1978. The Ohio court granted the motion for change of venue under 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses in the interest of justice. Judge Krupansky held that: "The facts presented in the pleadings

and affidavits filed herein disclosed that venue also lies in the Western District of Pennsylvania where the plaintiffs reside and where the claim arose. * * * "The court therefore determines that this action could have been initiated in the Western District of Pennsylvania." It was further pointed out that the *Heckel* case in the Western District of Pennsylvania was filed first and that, therefore, jurisdiction attached in this court where the action was initiated. The entire action therefore, was transferred to this court docketed at Civil Action No. 78–1388 on December 7, 1978 and assigned to this member of the court.

It will be noted that defendants Lamp and Lamp Aircraft Service also filed a motion to dismiss. However, defendant Lamp had already filed an answer and cross claim in the Ohio action and since the entire Ohio action has been transferred to this court, it would appear that Lamp's motion to dismiss has been rendered moot.

Pending before us then are the motions to dismiss for lack of in personam jurisdiction filed by defendants Nichels, G. N. Aircraft and Thompson Flying Service.

We will first turn to plaintiff's argument that this court has jurisdiction over these defendants under 28 U.S.C. § 1337 which reads as follows:

"The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies."

Plaintiff argues that there is federal question jurisdiction under the Federal Aviation Act and regulations promulgated thereunder relative to safety of aircraft. See 49 U.S.C. §§ 1301 et seq., particularly the duties of the FAA Administrator and the safety requirements contained in 40 CFR 91.9, et seq.

Neither the Federal Aviation Act nor the regulations provide for subject matter jurisdiction in the federal courts. The question is whether there can be an implied cause of action in a private individual under *Cort v.*

*Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975).

A very good discussion of this question is found in Crawford and Schneider, The Implied Private Cause of Action and the Federal Aviation Act: A Practical Application of *Cort v. Ash,* 23 Vill.L.Rev. 657 (1978), which points out that suits under federal regulations have been held not removable to federal court. See *Snuggs v. Eastern Airlines,* 13 Av.Cas. (CCH) 17,631 (S.D.Fla. 1975); *D'Arcy v. Delta Airlines,* 12 Av.Cas. (CCH) 18,282 (S.D.N.Y.1974). The federal regulations may supply a standard of care for people engaged in operating, maintaining, servicing and repairing aircraft, but may not necessarily give rise to a private cause of action as a basis for jurisdiction.

■ This question has been squarely answered by the Court of Appeals for our Circuit in *Rauch v. United Instruments, Inc.,* 548 F.2d 452 (3d Cir. 1976), wherein it was held that the fourth requirement for subject matter jurisdiction under *Cort v. Ash, supra,* had not been met, since such causes of action are traditionally relegated to state law. The court reasoned that there is no need to imply a federal cause of action in personal injury cases involving the operation, servicing, maintenance, repair and manufacture of aircraft since ample state remedies for negligence, strict liability in tort, and breaches of warranty, merchantability and fitness are available. Only where there is some countervailing national interest should the federal courts imply a federal private remedy when an adequate state remedy already exists. This court has no jurisdiction under the Federal Aviation Act and the regulations promulgated thereunder although the regulations may be considered as setting forth standards of safety.

■ We hold, therefore, that there is no subject matter jurisdiction in this case. Even if there were subject matter jurisdiction under the Act and the regulations, the requirement of in personam jurisdiction is not satisfied under the same. There is nothing in the Act which gives this court nationwide jurisdiction to pursue defendants from Utah and Indiana unless they are also subject to personal jurisdiction in this court under the Pennsylvania long arm statute with respect to foreign corporations and individuals doing business or causing harm in Pennsylvania.

It is apparent, therefore, that jurisdiction over these defendants must be found, if at all, under the Pennsylvania long arm statute contained in the Pennsylvania Judicial Code, effective June 27, 1978. See *Lighting Systems v. International Merchandising Assn.,* 464 F.Supp. 601 (W.D.Pa.1979) for a discussion of the differences between the new Act, 42 Pa.C.S.A. § 5301 et seq. (1978), and the old Act, 42 Pa.C.S.A. § 8301, et seq. (1972), being the Act in effect at the time of the accident upon which this litigation is based.

It will be noted that in § 5301 of the new Act, "person" includes individuals, corporations and partnerships. Under 5322(a)(4), in personam jurisdiction is vested in the Pennsylvania courts over a person causing harm or tortious injury in this Commonwealth by an act or omission outside this Commonwealth. In 5322(b), it is stated that jurisdiction of the tribunals of this Commonwealth shall extend to all persons who are not within the scope of § 5301 "to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States". Under the Act, these defendants would be subject to the jurisdiction of the courts in this state for negligent work on the engine and the aircraft or for other liability under Pennsylvania law since the harm occurred in Pennsylvania. The very purpose of the legislation appears to be to subject persons outside the jurisdiction to suit in Pennsylvania in order to protect local residents and others injured in Pennsylvania by not requiring them to go to a remote place in order to press their claims for liability.

This, of course, is all subject to the principles of fairness set forth in *International Shoe Company v. Washington,* supra. The Pennsylvania legislature has enacted legislation broad enough to include these de-

fendants if such jurisdiction may be constitutionally exercised in any such case. We conclude that this is a case where the principles of fairness under *International Shoe* will not permit Pennsylvania to exercise its jurisdiction over these defendants.

In *International Shoe*, 326 U.S. at 317, 90 L.Ed. at 102, the Court stated:

"Conversely it has been generally recognized that the casual presence of the corporate agent or even his conduct of single or isolated items of activities in a state in the corporation's behalf are not enough to subject it to suit on causes of action unconnected with the activities there. (Cases cited). To require the corporation in such circumstances to defend the suit away from its home or other jurisdiction where it carries on more substantial activities has been thought to lay too great and unreasonable a burden on the corporation to comport with due process,"

and 326 U.S. at 318, 90 L.Ed. at 103,

"Finally, although the commission of some single or occasional acts of the corporate agent in a state sufficient to impose an obligation or liability on the corporation has not been thought to confer upon the state authority to enforce it, (Citing cases) other such acts, because of their nature and quality and the circumstances of their commission may be deemed sufficient to render the corporation liable to suit,"

and, finally, in 326 U.S. at 319, 90 L.Ed. at 104,

"Whether due process is satisfied must depend rather upon the quality and nature of the activity in relation to the fair and orderly administration of the laws which it was the purpose of the due process clause to insure. That clause does not contemplate that a state may make binding a judgment in personam against an individual or corporate defendant with which the state has no contacts, ties or relations."

Following *International Shoe*, came *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283, 1298 (1958) wherein the court said:

"The application of . . . [the] rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."

See also *Kulko v. California Superior Court*, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978) where the Supreme Court reiterated the tests in *International Shoe* and *Hanson* and again held that there must be some purposeful act by which the defendant avails himself of the privilege of conducting activities within the forum state, thereby availing himself of the benefits and protection of the forum state's laws. In *Kulko* a father sent his child to California to be with the child's mother for part of the year. The Court held that the father's contact with California was insufficient to enable him to avail himself of the benefits and protections of that state's laws.

Under Restatement (Second) of Torts §§ 403, 404 (1965), servicers and repairers of chattels who know that their work may make the chattel dangerous are subject to the same liability as a manufacturer. Defendants Nichels, G. N. Aircraft and Thompson Flying Service could be subject to liability under this rule of substantive law, but only in the appropriate forum. As was pointed out by the Court of Appeals for the Third Circuit in *Witt v. Scully*, 539 F.2d 950 (3d Cir. 1976), we must be careful not to confuse substantive law with jurisdiction. As the Court stated in *Kulko*, each case involving jurisdiction under the doctrine of *International Shoe* must be evaluated separately as to the quality and nature of defendant's activity in the forum state and whether it is reasonable and fair to require him to conduct his defense in that state.

We also recognize that the state has an interest in adjudicating claims of its residents and others injured in Pennsylvania for damages done to them in the Commonwealth. See *Empire Abrasive Equipment v. H. H. Watson, Inc.*, 567 F.2d 554 (3d Cir.

1977), wherein the court discusses the limitation upon judicial power which prevents a state of plaintiff's choosing from coercing defense of a suit in that forum when its remoteness from defendant's residence and from witnesses would be fundamentally unfair. Where there is a wide spread commercial enterprise which defendant knows will reach the forum state there is nothing unjust in requiring the defendant to defend there. See *Edy Clover Products Inc. v. NBC,* 572 F.2d 119 (3d Cir. 1978) wherein it was held that the defendant could anticipate that its TV broadcasts would be received in New Jersey through interstate commerce and would therefore be subject to copyright infringement suits there.

Many cases involve both manufacturers who sell their goods in many states and manufacturers who supply them with component parts. See e.g. *Washington v. U. S. Suzuki Motor Corp.,* —— Pa.Super. ——, 390 A.2d 1339 (1978) where the manufacturer of carburetors for a brand of motorcycles distributed nationwide was held subject to jurisdiction in Pennsylvania where the accident occurred. The court held that Pennsylvania had jurisdiction relying upon the decision of the Pennsylvania Supreme Court in *McCrory Corp. v. Girard Rubber Corp.,* 459 Pa. 57, 327 A.2d 8 (1974). In *McCrory* a New York Corporation manufactured rubber suction tips for use in children's arrows. These tips were sold to a Tennessee corporation which made the bows and arrows and sold them to retailers nationwide. *McCrory* is certainly a proper case for exercise of long arm jurisdiction. See also *Harkers Wholesale Meats, Inc. v. Framarx Corp.,* 79 F.R.D. 715 (N.D.Iowa 1978) which holds that an Ohio manufacturer who introduces defective paper in the stream of commerce establishes minimum contacts necessary to subject it to the jurisdiction of the Iowa courts.

Another such case is *Gill v. Fairchild Hiller Corp.,* 312 F.Supp. 916 (D.N.H.1970) heavily relied on by plaintiff. In *Gill* defendants manufactured instruments or parts for an aircraft that crashed and it was held that these manufacturers were subject to long arm jurisdiction. This is a similar case to *Washington v. U. S. Suzuki,* supra, and both cases are distinguishable for the same reason.

We do not have here a case of a manufacturer or a component parts manufacturer placing its products in the stream of commerce to be distributed to all the 50 states. Rather, here we have the case of small airplane service and repair shops located in foreign states which have never had any contact with Pennsylvania except for the subject matter of this lawsuit, an airplane crash in the commonwealth involving an airplane which they had previously serviced. We hold that under such circumstances the contacts of these defendants are insufficient to establish jurisdiction in Pennsylvania.

In *Knapp v. Franklin Coach Co.,* 365 F.Supp. 305 (W.D.Pa.1973), the facts showed that a repair shop in western Ohio near the Ohio Turnpike serviced a vehicle with Indiana license plates. It was claimed that the work was done in a faulty manner and caused an accident in Pennsylvania because of improper installation of a muffler. In *Knapp* this court found insufficient contacts with Pennsylvania and held that it was unfair under *International Shoe* to attempt to subject the defendant to this court's jurisdiction under the long arm statute. If jurisdiction were exercised then any person who performed repair work on an automobile which later was involved in an accident would be subject to suit in any of the states where the vehicle might travel.

See also *Kerrigan v. Clark Graveley Corp.,* 71 F.R.D. 480 (M.D.Pa.1975), wherein it was alleged that a two man New Jersey partnership with twelve employees located 40 miles from the Pennsylvania border negligently repaired a Pennsylvania tractor. The partnership had neither solicited nor advertised in Pennsylvania. It was there held that in order for the court to exercise jurisdiction under *Hanson v. Denckla,* supra, there must be some indication that the defendant purposely availed itself of privileges by conducting some activities in Pennsylvania.

In *Lebknecher v. Loquasto,* —— Pa.Super. ——, 389 A.2d 143 (1978) a doctor who was licensed in Pennsylvania and whose name was in the classified advertising but whose practice was entirely in New Jersey was held to have insufficient contacts in Pennsylvania to justify suit here.

*Miller v. Cousins Properties Inc.,* 378 F.Supp. 711 (D.Vt.1974) arose out of a jet aircraft crash in Lake Champlain after takeoff from Burlington, Vermont. It appeared that maintenance on the plane had been performed in Atlanta, Georgia, but that the repair shop had no knowledge of the pilot's flight plan which would take it to Vermont. The court held that there were insufficient contacts and activities in Vermont to justify jurisdiction over the defendant.

On the other hand, *Johnson v. Helicopter & Airplane Services Corp.,* 389 F.Supp. 509 (D.Md.1974), is a marketing of products case, which held that where the defendant allows its products to be marketed in a state which is the state of injury, jurisdiction may be exercised.

The plaintiff has strenuously argued the fact that when the Wright Brothers invented the flying machine, they fully intended it was to fly everywhere at great speeds crossing state lines at will. This is true. The same is also true of an automobile or other motor vehicles which may be driven anywhere in the United States and be involved in accidents. In such cases the forum state undoubtedly has the right to insist that manufacturers of defective component parts should answer for liability there. We hold, however, that it is unfair for a small repair shop which has no contacts with the forum state to be subject to this court's jurisdiction under the long arm statute. For this court to exercise jurisdiction would violate the principles of *International Shoe* and *Hanson.*

We will therefore grant the motions to dismiss filed by these defendants.