**Margie M. BROWN, Individually, Administratrix of the Estate of Howard R. Brown and as Guardian of Tracy L. Brown, Plaintiff,**

v.

**John D. BYARD, et al., Defendants.**

**No. C–2–84–19.**

United States District Court,
S.D. Ohio, E.D.

Dec. 7, 1984.

Gregory D. Rankin, Columbus, Ohio, for plaintiff.

James M. Wiles, Charles Brown, Michael W. Donaldson, Columbus, Ohio, for defendants.

## MEMORANDUM AND ORDER

DUNCAN, District Judge.

This action arises out of the January 9, 1982 crash of a Piper Cherokee aircraft at Harry Clever Field in New Philadelphia, Ohio. Plaintiff's decedent, Howard R. Brown, a passenger on the aircraft, died on January 9, 1982, as a result of injuries suffered in the crash.

Plaintiff states that the Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1337 because the prosecution and defense of this matter will require the construction and application of the Federal Aviation Act, 49 U.S.C. § 1301 et seq. ("the Act").

Currently before the Court is defendant Piper Aircraft Corporation's ("Piper") motion to dismiss. Piper, the manufacturer of the aircraft at issue, contends that the Federal Aviation Act does not contain an express or implied private right of action and, therefore, does not confer upon this Court subject matter jurisdiction over plaintiff's claims which are based upon alleged violations of the Act. Defendant adds that since no federal question is raised by plaintiff's allegations of violations of the Act, the Court should decline to exercise pendent jurisdiction over plaintiff's state law claims.

I

The Federal Aviation Act clearly does not expressly provide for a private cause of action for violations of the Act. Plaintiff, however, alleges that a cause of action may be implied under the doctrine of *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975).

In *Cort*, the Supreme Court declined to imply a shareholder's right of action for damages against corporate directors under the Federal Election Campaign Act, which prohibited certain corporate contributions. The Court set forth the following four-pronged test to determine when a court should imply a private cause of action:

(1) is the plaintiff a member of a class "for whose especial benefit the statute was enacted"?; (2) is there "any indication or legislative intent, explicit or implicit," to create or deny a remedy?; (3) would implying a private cause of action be consistent with the legislative scheme?; and (4) "is the cause of action one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer" a federal cause of action? *Id.* at 78, 95 S.Ct. at 2087. (Citations omitted.)

The Third and Ninth Circuit Courts of Appeals and various district courts have applied the *Cort* test to the Federal Aviation Act. *Compare In re Mexico City Aircrash of October 31, 1979*, 708 F.2d 400 (9th Cir.1983); *Rauch v. United Instruments, Inc.*, 548 F.2d 452 (3d Cir.1976); *Obenshain v. Halliday*, 504 F.Supp. 946 (E.D.Va.1980); *and Heckel v. Beech Aircraft Corp.*, 467 F.Supp. 278 (W.D.Pa.1979) (denying private right of action under Federal Aviation Act) *with Swartz v. Dispatch Printing Co.*, Civil Action No. C–2–76–123 (S.D.Ohio, filed November 15, 1976) (Judge Kinneary denied plaintiff's motion to remand on ground that Court lacked subject-

matter jurisdiction); *and In re Paris Air Crash of March 3, 1974,* 399 F.Supp. 732, 747 (C.D.Cal.1975) (upholding right of action). *In re Mexico City Aircrash* is the only circuit court decision which has squarely confronted the issue currently before this Court, namely, whether a private remedy is available under the Federal Aviation Act for the representatives of persons killed in a commercial aviation accident. The Ninth Circuit in that case held that such a private remedy did not exist. The Third Circuit Court of Appeals in *Rauch* found no private right of action for potential air crash victims but explicitly reserved judgment on whether actual victims of air crashes may maintain a cause of action. *Rauch,* 548 F.2d *supra,* at 457–58 and n. 10.

The Court now turns to an examination of the Federal Aviation Act in light of the *Cort* test. For the reasons stated below, the Court concludes that the Federal Aviation Act does not create an implied private cause of action for representatives of persons killed in air crashes.

## II

### A

Beginning with the first of the *Cort* factors, it is undisputed that the Act was enacted by Congress in order to promote safety in aviation and thereby protect the lives of persons who travel on board aircraft. It is clear that the decedent was a member of the class for whom the safety regulations of the Act were enacted, and the first part of the *Cort* test is therefore satisfied. This alone does not establish that plaintiff is entitled to maintain a private cause of action under the Act, but leads to an analysis of the second *Cort* factor: whether there is an indication of legislative intent, explicit or implicit, either to create or deny a private remedy.

### B

The second factor, legislative intent, has been found to be dispositive in recent Supreme Court cases. *Obenshain,* 504 F.Supp. *supra,* at 949, *citing Touche Ross & Co. v. Redington,* 442 U.S. 560, 99 S.Ct. 2479, 61 L.Ed.2d 82 (1979), *Cannon v. University of Chicago,* 441 U.S. 677, 99 S.Ct. 1946, 60 L.Ed.2d 560 (1979), and *Transamerica Mortgage Advisors v. Lewis,* 444 U.S. 11, 100 S.Ct. 242, 62 L.Ed.2d 146 (1979). In *Touche Ross, supra* 442 U.S. at 575–76, 99 S.Ct. at 2488–89, the Court stated that while the factors of *Cort* are "relevant" in determining if a cause of action is to be implied, they are not each entitled to equal weight.

The parties agree that neither the Act itself nor its legislative history explicitly manifest an intent to create a private cause of action. Plaintiff seeks support for her contention that Congress had such an intent from 49 U.S.C. § 1506, which states: "Nothing contained in this chapter shall in any way abridge or alter the remedies now existing at common law or by statute, but the provisions of this chapter are in addition to such remedies." Plaintiff contends that this provision indicates that Congress did intend the relief specifically provided in the Act to foreclose the possibility of pursuing other remedies for violations of the Act. The Court agrees with the view expressed by the Ninth Circuit Court of Appeals that "section 1506 does not evidence any positive intent to create a private cause of action. It simply preserves private remedies that exist independent of the Act." *In re Mexico City Aircrash,* 708 F.2d *supra* at 407.

The Federal Aviation Act is a detailed statute with an extensive administrative enforcement scheme, providing for civil penalties for violations of the Act, 49 U.S.C. § 1471, and authorizing the U.S. district courts to grant injunctive relief in order to compel compliance with the Act, 49 U.S.C. § 1487. As stated by the Ninth Circuit and the United States Supreme Court:

In light of [the Federal Aviation Act's] statutory remedies, we must follow the "elemental canon of statutory construction that where a statute expressly provides a particular remedy or remedies, a

court must be chary of reading others into it." *Middlesex County Sewerage Authority v. National Sea Clammers Association,* 453 U.S. 1, 14–15 [101 S.Ct. 2615, 2623, 69 L.Ed.2d 435] (1981); ... Because of the Act's emphasis on administrative regulation and enforcement, we conclude that "it is highly improbable that 'Congress absentmindedly forgot to mention an intended private action.'" *Transamerica Mortgage Advisors,* 444 U.S. at 20, 100 S.Ct. at 247 (quoting *Cannon v. University of Chicago,* 441 U.S. 677 [99 S.Ct. 1946, 60 L.Ed.2d 560] (1979) (Powell, J., dissenting)); see *Diefenthal v. CAB,* 681 F.2d 1039, 1049 (5th Cir.1982) (the Act's detailed administrative scheme, together with private right to seek injunctive relief in some cases, provides strong evidence that Congress did not intend a private cause of action for damages).

*In re Mexico City Aircrash, supra* at 407.

There does not appear to be any legislative history that would indicate that Congress intended to create a private right of action in the Federal Aviation Act; and "[t]he Supreme Court has admonished that 'implying a private right of action on the basis of congressional silence is a hazardous enterprise, at best.'" *Obenshain,* 504 F.Supp. *supra* at 950, quoting *Touche Ross,* 442 U.S. *supra* at 571, 99 S.Ct. at 2486.

In fact, in 1968 and 1969 Congress considered and rejected various bills that would have created a federal cause of action and exclusive federal jurisdiction for injuries arising out of aircraft crashes. *See In re Mexico City Aircrash,* 708 F.2d *supra,* n. 11 at 407–408; and *Obenshain,* 504 F.Supp. *supra* at 950. The later congressional interest in creating a federal private cause of action may be taken as some evidence of the earlier Congress' intent to preclude such a right.

In the Court's view, the second and arguably most significant part of the *Cort* test, whether there is any indication of a congressional intent to create a private right of action, is unsatisfied.

## C

Based upon the Court's conclusions with regard to the first two inquiries in the *Cort* test, it is unnecessary to proceed further and conduct the third and fourth steps of the *Cort* analysis. "Cases subsequent to *Cort* have explained that the ultimate issue is whether Congress intended to create a private right of action ..." *California v. Sierra Club,* 451 U.S. 287, 293, 101 S.Ct. 1775, 1778, 68 L.Ed.2d 101 (1981). "[T]he focus of the inquiry is on whether Congress intended to create a remedy ... The federal judiciary will not engraft a remedy on a statute, no matter how salutory, that Congress did not intend to provide." *Id.* at 297, 101 S.Ct. at 1781.

The Court might add, however, that with regard to the fourth *Cort* factor, plaintiffs' claims are clearly ones that are ordinarily of state concern and traditionally governed by state law. Plaintiff's amended complaint charges defendant Piper with negligence, strict product liability and breach of warranties as a result of the allegedly unsafe design of the aircraft. While aviation is strongly regulated by the federal government, § 1106 of the Act explicitly preserves state remedies. Negligence, strict product liability and breach of warranty are causes of action with which the common and statutory law of the states deals every day.

## III

The Court concludes that the Federal Aviation Act does not contain an express or an implied private right of action, either in survivorship or for wrongful death, on behalf of persons killed in air crashes.

Defendant Piper's motion to dismiss is, therefore, GRANTED.

So ORDERED.